

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-18-00151-CR

**GABRIEL DWAIN HALL,**
      Appellant  v.

**THE STATE OF TEXAS,**
      Appellee

_____

**From the County Court at Law No. 2**
**McLennan County, Texas**
**Trial Court No. 20170060CR2**

---

## MEMORANDUM  OPINION

---

Gabriel Hall appeals from a conviction for driving while license invalid, enhanced by a prior conviction.  *See* TEX. TRANSP. CODE ANN. § 521.457(a), (f).  In his sole issue, Hall

complains that the trial court erred by denying his motion to suppress evidence because the traffic stop was illegal. Because we find no reversible error, we affirm the judgment of the trial court.

Hall was charged with driving while his license was invalid after a traffic stop. Hall filed a motion to suppress evidence, complaining that the officer that stopped him did not have reasonable suspicion to initiate a traffic stop. After a hearing, the trial court denied his motion and Hall later pled guilty to the offense, reserving his right to appeal the trial court's ruling on the motion to suppress.

**RELEVANT FACTS**

At the hearing on the motion to suppress evidence, the arresting officer testified. Hall was stopped by the police chief in Crawford in late November of 2016 because the chief believed that Hall's license was suspended due to a prior driving while license invalid conviction which would have resulted in a mandatory suspension of Hall's license for one year. The chief had recognized Hall as the driver of the vehicle prior to initiating the traffic stop and was familiar with Hall's vehicle from prior dealings and from having seen it parked at Hall's residence.

The chief testified that he knew that Hall was under a mandatory one-year suspension that had started in July of 2016 from a conviction and that at that time in July of 2016, Hall's license was already suspended from a conviction in 2015. The chief stated that he was aware of Hall's license status based on recent prior stops and stops by his subordinate officers. The chief testified that he had discussed Hall's suspension with him previously and told him he needed to take care of his license status. The chief also testified that he believed that Hall had several outstanding local warrants at the time he stopped Hall. The chief admitted that he did not know if Hall had obtained an occupational license or not.

The chief did not run Hall's license prior to initiating the traffic stop. After the chief ran Hall's license to determine its status, he attempted to find the local warrants but was unable to locate them from the City Secretary in Crawford. After the traffic stop, the chief verified that Hall's license was invalid at the time of the traffic stop. Hall contends that because the chief did not have immediate or very recent knowledge of the status of his license, the chief lacked reasonable suspicion to initiate the traffic stop.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress for abuse of discretion. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). We give almost total deference to the trial court's determination of historical facts if they are supported by the record. *State v. Duran*, 396 S.W.3d 563, 570 (Tex. Crim. App. 2013). We give the same level of deference to the court's resolution of mixed questions of law and fact that rely on the credibility of the witnesses. *State v. Martinez*, 570 S.W.3d 278, 281 (Tex. Crim. App. 2019). We review de novo mixed questions that do not rely on credibility determinations and pure questions of law. *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011). We view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Duran*, 396 S.W.3d at 571.

## FOURTH AMENDMENT

The Fourth Amendment permits the warrantless detention of a person if the detention is justified by an officer's reasonable suspicion that some crime was, is, or is about to be committed. *See* U.S. CONST. amend. 4; *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015). Reasonable suspicion of criminal activity sufficient to justify an

investigatory stop exists if the officer has specific articulable facts that, when combined with the rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged in or is, or soon will be, engaging in criminal activity. *Jaganathan*, 479 S.W.3d at 247. This standard looks solely to determine whether an objective basis for the stop exists and disregards the subjective intent of the officer making the stop. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

**ARGUMENT AND ANALYSIS**

Hall argues that the length of time of more than one day between the chief's verification of Hall's license status and his failure to ascertain whether or not Hall had gotten an occupational license renders the stop invalid. In support of his argument, Hall cites to *Riggs v. State*, No. 10-14-00047-CR, 2014 Tex. App. LEXIS 8670 (Tex. App.—Waco Aug. 7, 2014, no pet.) (mem. op., not designated for publication) and *Williams v. State*, No. 11-05-00102-CR, 2006 Tex. App. LEXIS 10706 (Tex. App.—Eastland Dec. 14, 2006, no pet.) (mem. op., not designated for publication) for the proposition that only a one-day delay in verifying an individual's license status is reasonable as a bright-line rule regarding reasonableness for determining the status of a driver's license. While the facts of both of

those cases have a one-day delay between the verification and the traffic stop, we do not agree that those cases or other case law mandates that reasonableness must always be limited to such a brief time. *See Komoroski v. State*, No. 02-11-00280-CR, 2012 Tex. App. LEXIS 4333 (Tex. App.—Fort Worth May 31, 2012, no pet.) (mem. op., not designated for publication) (Officer's encounter several weeks prior to arrest and lengthy history with defendant sufficient to establish reasonable suspicion to justify traffic stop for driving with invalid license) and *Gulley v. State*, No. 02-06-00395-CR, 2008 Tex. App. LEXIS 2086 (Tex. App.—Fort Worth Mar. 20, 2008, pet. ref'd) (mem. op., not designated for publication) (Reasonable suspicion found when officer had stopped defendant for driving with an invalid license approximately a month prior and another officer had stopped defendant one or two weeks prior to traffic stop).

Under the facts in this proceeding, we find that the record supports the trial court's conclusion that the chief had reasonable suspicion to initiate the traffic stop of Hall. The chief, who was the chief in a small town where he personally knew its residents, knew that Hall had been convicted previously for driving with an invalid license and that he was currently serving a mandatory one-year suspension, which started approximately two months prior to the traffic stop in question. The chief testified that he had prior

conversations with Hall regarding his invalid license and other officers had dealings with Hall as well. The chief testified to specific, articulable facts that, when combined with rational inferences from those facts, led him to reasonably conclude that Hall was engaging in criminal activity. *See Ford*, 158 S.W.3d at 492-93.

In a circumstance where a defendant and his or her history was largely unknown to the officer at the time of the traffic stop, a delay between the verification of the license status and the traffic stop might be unreasonable. However, under these facts where the officer personally knew Hall from multiple prior contacts specifically relating to the ongoing suspension of Hall's license, we find that the trial court's determination that the chief had reasonable suspicion to believe that Hall was engaging in criminal activity was not outside of the zone of reasonable disagreement. Therefore, the trial court did not abuse its discretion by denying the motion to suppress evidence. We overrule Hall's sole issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice



Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed November 27, 2019
Do not publish
[CR25]